## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| PATRICIA A. REYNOLDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-00235-CG-N |
| | ) | |
| MEGAN BRENNAN,[1] | ) | |
| *United States Postmaster General* | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Pending before the Court is the Amended Complaint (Doc. 28) and Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 30) brought under FED. R. CIV. P. 8, 10(b), 12(b)(6), and 41(b). The Plaintiff has timely filed a response in opposition to the Motion (Doc. 34) and the Defendant has filed a reply to the response in opposition (Doc. 36). Plaintiff and Defendant both filed further briefing on the motion, including regarding issues of service (Docs. 37, 38, 39). The motion is now under submission and is ripe for adjudication. *See* Doc. 32. The present motion has been referred to the undersigned United States Magistrate Judge for entry of a report and recommendation under 28 U.S.C. § 636(b)(1)(B)-(C) and FED. R. CIV. P. 72(b)(1). Upon consideration, the undersigned **RECOMMENDS** that the Defendant's Motion to Dismiss (Doc. 30) be **GRANTED**.

## I. Applicable Legal Standards

---

[1] Plaintiff sued Patrick Donahoe, the Postmaster General, in his official capacity in May 2014. Doc. 1. Megan Brennan was installed as the Postmaster General by the U.S. Postal Service Board of Governors effective February 1, 2015.

In deciding a motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted," the Court construes the complaint in the light most favorable to the plaintiff, "accepting all well-pleaded facts that are alleged therein to be true." *Miyahira v. Vitacost.com, Inc.*, 715 F.3d 1257, 1265 (11th Cir. 2013) (citing *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1328 (11th Cir. 2006)). " 'To survive . . . a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." ' " *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). "The plausibility standard 'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the defendant's liability." *Id.* (quoting *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but [rather] asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendants liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 556 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief.' " *Iqbal*, 556 U.S. at 679, quoting in part FED. R. CIV. P. 8(a)(2).

FED. R. CIV. P. 8(a)(2) generally sets the benchmark for determining whether a complaint's allegations are sufficient to survive a Rule 12(b)(6) motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) ("Under [Rule] 8(a)(2), a pleading

must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.' As the Court held in *Twombly*, . . . the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation.").

Indeed, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557); *compare Speaker*, 623 F.3d at 1381 ("[G]iven the pleading standards announced in *Twombly* and *Iqbal*, [plaintiff] must do more than recite [ ] statutory elements in conclusory fashion.  Rather, his allegations must proffer ***enough factual content*** to 'raise a right to relief above the speculative level.'" (emphasis added)), *with Robinson v. Correctional Med. Assocs., Inc.*, Civil Action No. 1:09–cv–01509–JOF, 2010 WL 2499994, at *2 (N.D. Ga. June 15, 2010) ("Factual allegations in a complaint ***need not be detailed but*** 'must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" (quoting *Twombly*, 550 U.S. at 555 (internal citations and emphasis omitted and added))).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent

with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. . . .

[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss.   Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.   But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief.

*Iqbal*, 556 U.S. at 678-79 (internal citations and quotation marks omitted); *compare id*. at 680 (a plaintiff must nudge his claims "across the line from conceivable to plausible."), *with Patel v. Georgia Dep't BHDD*, 485 Fed. App'x 982, 983 (11th Cir. Aug. 8, 2012) (per curiam) ("In order to survive a motion to dismiss, a plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face,' rather than merely conceivable." (quoting *Twombly*, 550 U.S. at 570)). In addition to the pleading requirements of Rule 8, FED. R. CIV. P. 10(b) further requires that "[i]f doing so would promote clarity, each claim  founded on a separate transaction or occurrence . . . must be stated in a separate count."

Under FED. R. CIV. P. 41(b), "a defendant may move to dismiss the action or any claim against it" where the "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Dismissal under Rule 41(b) is usually without prejudice. *See, e.g., Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir. 1976).[2] "Dismissal of a lawsuit with prejudice under Rule 41(b) is a severe sanction that should only be used in extreme circumstances where lesser sanctions

---

[2] The Eleventh Circuit has adopted as binding all decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

would not serve the best interests of justice." *Castro v. Dir., F.D.I.C.*, 449 F. App'x

786, 788 (11th Cir. 2011).

## II.   Background

Plaintiff initiated this action on May 27, 2014, by filing a Complaint with the

Court alleging a discrimination claim against the Postmaster General. *See* Doc. 1. It

was unclear from the face of the Complaint upon what basis she alleges

discrimination. *Id.* Plaintiff was ordered to file a supplement to her original

Complaint "that clearly states the basis for the discrimination she alleges." Doc. 3 at

3. Plaintiff responded to this Order with miscellaneous documents, but still failed to

allege a plain basis for discrimination. *See* Docs. 5, 6. The undersigned granted

Defendant's Motion for a More Definite Statement (Doc. 19) pursuant to FED. R.

CIV. P. 12(e). Docs. 26, 29. On July 23, 2015, Plaintiff filed the Amended Complaint.

Doc. 28. Defendant filed the present Motion to Dismiss on August 6, 2015. Doc. 30.

Plaintiff's response contends that Defendant's Motion is moot because it was

directed at the original Complaint. Doc. 34 at 1. Plaintiff is mistaken. The current

Motion was filed two weeks after the Amended Complaint and specifically states

that it is directed at the Amended Complaint. Doc. 30 at 1.

The following factual allegations[3] concerning the Plaintiff's employment with

the United States Postal Service are accepted as true for purposes of the present

motion:[4]

---

[3] As Defendant points out (Doc. 30 at 9-10), Plaintiff has failed to meet the FED. R. CIV. P. 10(b) requirement that ""[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." The Amended Complaint is divided into numbered paragraphs, but not into separate counts. Doc. 28 *generally*. However, this requirement

Plaintiff was hired [temporarily] in November, 1985 . . . under Leak M. Hayes. Under Mrs. Hayes I was belittled, and discussed as if I wasn't even in the office. I was bitten by a dog and threatened by her that if I filed a grievance or talked to anyone I would be fired . . . On my last day . . . Mrs. Hayes stated that one of "you people is enough in this office". She was talking about myself and David Mc Cants [*sic*]. Both of us are African-American.

Plaintiff was rehired . . . on August 31, 1986 by Rudy Blystrock,, Postmaster at the time. He asked at the time if anyone wanted to move up or get higher level training we were to write it out and get it stamped by a clerk and you will be trained. At the time it was myself and two other clerks. They were trained and I remained a clerk-carrier . . .

Plaintiff was still denied training as others were hired and trained, Carol Barkley, Faye Faircloth, Terry Hastings. Both Faye Faircloth and Carol Barkley were trained . . . [Jim Hoobler] stated I'd make more money as a carrier than postmaster or supervisor.

Alfonso Russel was later Postmaster and still I was not trained, I was continually being told as soon as they train someone else to take my place to carry main then I can trained. But as soon as I trained someone I found that this person is being groomed to be the next supervisor.

Plaintiff was told that I needed more education, more training to become supervisor but all these other people were not having to get all this education. I went to Mobile to get the on the job training, PEDC Test, going to college all at the same time. Graduated from the University of Mobile.

---

does not bear on the jurisdiction of the Court (*Mech. Contractors Ass'n of Am., Inc. v. Mech. Contractors Ass'n of N. Cal., Inc.*, 342 F.2d 393, 398 (9th Cir. 1965)) and its enforcement is at the discretion of the Court. *U.S. v. Jerome*, 115 F. Supp. 818, 822 (S.D.N.Y. 1953). Where, as here, Plaintiff proceeds *pro se*, the Court may "construe [the] plaintiffs' pleadings liberally." *Porter v. Duval County School Bd.*, 406 Fed. Appx. 460, 462 (11th Cir. 2010) (unpublished). Consequently, the Court does not rigorously enforce the Rule 10(b) requirement here.

[4] The Supreme Court has stated in *Ashcroft v. Iqbal* (556 U.S. 662, 679 (2009)) that:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Returning to Atmore, Jim Hoobler was Postmaster, Plaintiff was called Nigger, stupid, ignorant, uneducated, and would never sit behind a desk in his office. Plaintiff filed and [*sic*] EEOC complaint and the ruling was in Plaintiff favor . . . Judge [Brevard] Hand dismiss the case. [*sic*]

From that point on the Plaintiff was harassed, retaliated against at every hand. I was written up for anything. I was accused of hitting stop signs, wrecking every LLV in the office, I had the worst driving record in the office. I was the worst liar in the office. No one in the office liked me and they had told the Postmaster that they didn't want me as a supervisor in that office.

Plaintiff was sent to Brewton, Alabama . . . I was constantly called to come back to Atmore because I was needed to carry mail. When I returned to Atmore I found that I was accused of misplacing $8000.00 worth of stamps. The stamps was [*sic*] sold to the Court House Clerk and the Clerk had not put them in her computer. I was kept off the schedule and had to use annyal leave to make a payday.

Plaintiff was harassed, threatened, treated unfairly and called names, written up and accused of everything and anything that went wrong. Grievances were filed and won by the Plaintiff and the Postmaster and Supervisor was aksed to stop but it continued.

Lester Cogolla came in as Supervisor . . . When he came in I asked about being trained as a Supervisor and he told me at the time I would be trained while he was there. That was not to be . . . Mr. Cogolla accused me of posing as a Postmaster when looking into a situation between two other carriers. I was stripped of my Shop Steward badge. I was constantly followed on my routes, I wasn't allowed to hand off mail if I was overburden [*sic*] at times but was made to carry more mail off other routes He came to my home when I was off to get me to come to work. Other carriers were allowed to have my day off. I could put in for sick leave and if another carrier wanted those days, they were given those days.

Plaintiff was in ICU in June 2006 and Lester Cogolla threatened to make me pay back all my sick leave before I could file my FMLA and even after I file [*sic*] he threatened to have me pay it back. He told me . . . I was not to take sick leave unless I discussed it with them because it would hurt the flow of mail. Monica Fountain . . . became Postmaster . . . During the time she was there for 6 months I was constantly

harassed, threatened with suspension, followed, written up . . . I filed grievance after grievance, eventually it was found that it was the scanner that I was using was not working. It took packages but not personal information.

Plaintiff was called in on numerous occasions for infractions that I had no knowledge of was accused of things that I didn't do . . . Plaintiff had shoulder surgery, came back to work with medical documentation that I could work light duty and Lester Cogolla told me I couldn't but he let a white carrier with shoulder injury come back to work on light duty.

EEOC requested a complete investigation of the complaint by the U. S. Postal Service and they hired a law firm from De Soto, Texas, headed by Ms. Brenda Vonjoe. The report was return [*sic*] to the National EEO Investigative Service of the U.S. Postal Service, Tampa, Florida. The investigation went in thePlaintiff's flavor [*sic*]. EEOC in Washington, D. C. asked the U.S. Postal Service to comply with the order and the U.S. Postal Service did not answer, nor did they comply with Nancy A. Falanga, Manager Dispute Resolution . . . The U. S. Postal Service did not respond to the EEOC before their deadline of September 26, 2013 nor after. It was six months later . . . that the Director of the EEOC, Mr. Robert J. Barnhart decided that there was no wrong doing on the part of the Postal Service.

The Arbitrator from Atlanta told me that Mr. Cogolla and I had a personal problem instead of trying to settle the issue on the two occasion that they came down [*sic*]. I was told to my job and be satisfied with it . . .

Doc. 28 at 1-5. Based on the preceding factual allegations, Plaintiff asserts in her Amended Complaint that the U.S. Postal Service "has discriminated against me". Doc. 28 at 1. Plaintiff alleges that the Postal Service "did willfully and maliciously violate Article 25; Article 33; EL Sec. 3 Employment and Placement; Sec. 5 Employment Benefits; JCAM ( Joint Contract Administration Manual) Sick Leave, FMLA, Handbook EL-312 Sec. 7 Assignment, Reassignment, and Promotion, Postal Service Policy on Workplace Harrassment." *Id.* Plaintiff asserts that the Postal Service "[c]reated a hostile work environment for me to work in and

8

promoted employees that were hired after I, the Plaintiff had trained them to be carriers. All the people trained as supervisors are younger than Plaintiff." *Id*. Plaintiff does not make any more specific legal allegations, nor does she state specifically on what basis she has been discriminated. *See id*.

### III.   Analysis

*A. FED. R. CIV. P. 8 & 12(b)(6) Requirements*

FED. R. CIV. P. 8(a)(2) sets the benchmark for determining whether a complaint's allegations are sufficient to survive a Rule 12(b)(6) motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). "FED. R. CIV. P. 8(a)(2) requires that a pleading contain 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *American Dental Association*, 605 F.3d at 1288 (11th Cir. 2010), quoting *Conley*, 355 U.S. at 47 (1957). Additionally, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Randall v. Scott*, 610 F. 3d 701, 707 n.2 (11th Cir. 2010), quoting *Bryson v. Gonzalez*, 534 F. 3d 1282, 1286 (10th Cir. 2008) (internal quotation marks omitted).

Plaintiff's Amended Complaint fails to advance any legal theory, state any cause of action, or show why she is in entitled to the relief which she seeks ("The Plaintiff ask [*sic*] that she be awarded . . . Postmaster, retroactive, all benefits and an additional $750,000.00 for punitive damages" (Doc. 28 at 5)). While her complaint mentions the Family Medical Leave Act, she fails to allege the essential

elements relating to any cause of action under that piece of legislation. *See* Doc. 28 at 1 *compare, e.g.*, 29 U.S.C. § 2915(a)(1) (stating elements of an FMLA interference claim) *and* 1 Emp. Discrim. Coord. Analysis of Fed. Law § 32.75 (stating elements of FMLA retaliation claim). Plaintiff alleges that she is African-American (Doc. 28 at 1) and that many of the other postal employees trained for supervisor positions were younger than her. *Id.* at 1. However, Plaintiff fails to allege that the U.S. Postal Service's employment or promotion decisions were motivated by any discriminatory animus. *Id.* The Amended Complaint alleges that the Postal Service violated several of its own handbooks, policies, and manuals. Doc. 28 at 1. Even if these allegations are true, the Postal Service's internal policies do not represent actionable law. Thus, those allegations do not constitute a statement that Plaintiff is "entitled to relief." *See* Fed. R. Civ. P. 8(a)(2).

The Amended Complaint does not "state a claim to relief that is plausible on its face." *See Twombly*, 550 U.S. at 570. Plaintiff makes claims, such as that younger employees were trained as supervisors (Doc. 28 at 1), which are "merely consistent with" the Defendant's liability. *See Twombly*, 550 U.S. at 556. However, such allegations "stop[ ] short of the line between possibility and plausibility of 'entitlement to relief.' *See Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 556 (internal citations omitted). Without any allegation of discriminatory animus, the Amended Complaint fails to " 'raise a reasonable expectation that discovery will reveal evidence' of the defendant's liability." *See id.* Consequently, the Amended Complaint fails to state a claim upon which relief can be granted. *See id.*

The Plaintiff finds herself in the difficult situation of proceeding *pro se*.[5] However, while the Court may "construe *pro se* plaintiffs' pleadings liberally, courts may not act as *de facto* counsel or 'rewrite an otherwise deficient pleading in order to sustain an action.' " *Porter v. Duval County School Bd.*, 406 Fed. Appx. 460, 462 (11th Cir. 2010) (unpublished), quoting *GJR Invs., Inc. v. County of Escambia*, 132 F. 3d 1359, 1369 (11th Cir. 1998) (overruled on other grounds). "[T]he *Twombly* pleading standard, even when applied to *pro se* plaintiffs, simply does not permit a Court to 'reverse-engineer' a plaintiff's conclusion that [s]he is entitled to relief. Instead, the plaintiff must plead facts and law showing why [s]he is entitled to relief. [Sh]e thus must assert non-conclusory allegations supporting the elements of [her] claims." *Washington v. CSX Transp. (R.R.)*, 2009 WL 1289032, *2 (S.D. Ga. 2009). No "short and plain statement" has come from the Plaintiff detailing how she is entitled to the relief sought and the Amended Complaint fails to state a claim on which relief may plausibly be granted.

## B. FED. R. CIV. P. 41(b) Dismissal

Plaintiff has previously been given the opportunity to amend her complaint. Doc. 29. When amending her complaint, Plaintiff was ordered to "state a claim upon which relief may be granted." Doc. 26 at 9 *accord* Doc. 29 at 1. Under Rule 8(a)(2), it is the Plaintiff's burden to provide Defendant with "fair notice of what the . . . claim

---

[5] Plaintiff has brought employment discrimination claims against the United States Postal Service on two previous occasions. The first action was brought *pro se* in 1997 alleging discrimination on the basis of race. *Reynolds v. Runyon, et al*, Civil Action No. 97-cv-00790-AH-S. The second action was brought through counsel in 2004; it alleged discrimination on the basis of age and race in determining whether to train employees for supervisor positions. *Reynolds v. Potter*, Civil Action No. 04-cv-00047-CB-C, Doc. 28 at 4. It further alleged retaliation and a hostile work environment. *Id.* at 4-5. Both cases were dismissed following motions for summary judgment by the Defendant and both dismissals were affirmed by the United States Court of Appeals for the Eleventh Circuit.

is and the grounds upon which it rests." *American Dental Ass'n*, 605 F.3d at 1288 (11th Cir. 2010) *quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957). The Plaintiff has failed to obey the Order of the Court concerning the Amended Complaint and has twice failed to satisfy her burden under Rule 8(a)(2). " 'Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.' " *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) *quoting Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991). However, Plaintiff has already been given the opportunity to amend her complaint (Doc. 26 at 9 *accord* Doc. 29 at 1) and still fails to state a claim. Plaintiff has brought discrimination actions against the United States Postal Service on two previous occasions. *Reynolds v. Runyon, et al*, Civil Action No. 97-cv-00790-AH-S; *Reynolds v. Potter*, Civil Action No. 04-cv-00047-CB-C. Both relied on similar facts and were dismissed following motions to dismiss or motions for summary judgment. *Id.* All three cases were deemed to be without merit. *Id.* Because the Plaintiff persists in filing meritless claims while failing to abide by Court rules, Rule 41(b) dismissal is appropriate. Dismissal under Rule 41(b) is typically without prejudice and dismissal with prejudice remains a "severe sanction" *Castro*, 449 F. App'x at 788. However, the Plaintiff's continued taxing of the Court's resources through the filing of unmerited actions constitutes "extreme circumstances where lesser sanctions would not serve the best interests of justice." *Id.* Consequently, dismissal of this action with prejudice is appropriate.

## IV.    Conclusion

In accordance with the above-stated analysis, the undersigned **RECOMMENDS** that the Defendant's Motion to Dismiss (Doc. 30) be **GRANTED** and that this action be **DISMISSED WITH PREJUDICE**.

The Clerk is **DIRECTED** to serve this Order on the Plaintiff by regular and certified mail.

## V.   Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. GEN. L.R. 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that

merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 1st day of February 2016.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**